

PS/CD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KENNETH RIVERS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____

**ORDER**

19-CV-6484 EAW
15-CR-6172 EAW

## **INTRODUCTION**

On May 8, 2019, *pro se* petitioner Kenneth Rivers ("Petitioner"), a prisoner confined at the Jesup Federal Correctional Institution in Jesup, Georgia,[1] filed a "Motion for Habeas Corpus Relief and for Interim Conditional Release," which was originally docketed by the Clerk of Court as a "Motion to Reduce Sentence," under the "First Step Act." *United States v. Rivers*, 1:15-cr-06172, Dkt. 30. Section 102(b)(1)(A) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 522 (the "First Step Act"), amended 18 U.S.C. § 3624(b)(1) and allowed for an increase in the maximum number of good time credits a federal prisoner could be awarded from 47 days to 54 days per year. Petitioner claims that, under the amended statute, he should receive an additional 35 days of good

---

[1] Petitioner waived indictment and, on January 15, 2016, pleaded guilty in this Court to an information charging him with one count of attempted possession of a controlled substance (cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (*United States v. Rivers*, 1:15-cr-06172, Dkt. 11-13). He was sentenced to 60 months imprisonment plus five years of supervised release. (*Id.*, Dkt. 25).

- 1 -

time credits on his five-year sentence, and that his projected release date would be advanced from August 22, 2019 to July 18, 2019. *United States v. Rivers*, 1:15-cr-06172-EAW, Dkt. 30 at 1.

On June 28, 2019, the Clerk of Court administratively terminated the Motion to Reduce Sentence and re-docketed it as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. *United States v. Rivers*, 1:15-cr-06172, Dkt. 31; *Rivers v. United States*, 6:19-cv-06484, Dkt. 1.

For the following reasons, Rivers's § 2255 Motion is recharacterized as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and is dismissed for improper venue. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

## DISCUSSION

Petitioner claims he is a model citizen, that the First Step Act's provision adjusting upward the number of days of good time credits a prisoner can receive from 47 days to 54 days applies retroactively, and that the Federal Bureau of Prisons ("BOP") should immediately re-calculate his good-time credits. *United States v. Rivers*, 1:15-cr-6172, Dkt. 31 at 1. Based upon the recalculation, he claims he would receive an additional 35 days of good time credits, thereby advancing his projected release date from August 22, 2019, to July 18, 2019. *Id.* However, the BOP has not acted to adjust his projected release date. *Id.*

Because Petitioner is challenging the execution of this sentence—*i.e.*, the calculation of good time credits—his request for habeas relief is properly construed and re-characterized as a request for habeas relief under 28 U.S.C. § 2241. *See Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) (explaining that § 2241 is "the proper means to challenge the execution of a sentence"); *United States v. Parrett*, No. 01-CR-168, 2019 WL 1574815, at *2 (E.D. Wis. Apr. 11, 2019) ("[W]hen the good-time provisions of the [First Step] Act do go into effect, the proper vehicle for [a prisoner] to use to request relief (after exhausting administrative remedies) would be a petition for habeas corpus under 21 U.S.C. § 2241."); *United States v. Scouten*, 13-CR-20S, 2019 WL 1596881, at * 1 (W.D.N.Y. Apr. 15, 2019) (in challenging the execution of his sentence under the First Step Act, defendant's request for habeas relief is properly construed under § 2241).

A § 2241 petition must be filed in the prisoner's judicial district of confinement—*i.e.*, in the district with jurisdiction over the prisoner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). As noted, Petitioner is incarcerated at the Jesup Correctional Facility in Jesup, Georgia, which is located in the judicial district of the United States District Court for the Southern District of Georgia. Accordingly, this Court does not have jurisdiction over Petitioner's § 2241 petition.

Ordinarily, the Court would transfer the re-characterized petition to the proper district. *See Isa v. United States*, No. 19-CV-3565 (VB), 2019 U.S. Dist. LEXIS 73678 (S.D.N.Y. May 1, 2019) (court, in the interest of justice, transfers § 2241 petition seeking relief under First Step Act to judicial district of confinement). However, in this case, Petitioner's petition indicates that he was to be released on August 22, 2019. A review of

the BOP's inmate locator database, available online at https://www.bop.gov/inmateloc/, confirms that Petitioner was indeed released on that date. Accordingly, the interests of justice would not be served by transferring the matter, inasmuch as Petitioner's request for recalculation of his good time credits has been mooted by his release. Under these circumstances, the Court finds it appropriate to dismiss the petition, rather than transferring it.

## CONCLUSION

For the foregoing reasons, Petitioner's "Motion for Habeas Corpus Relief and for Interim Conditional Release" (*United States v. Rivers*, 1:15-cr-6172, Dkt. 31) is recharacterized as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and is dismissed for lack of jurisdiction. The Clerk of Court is instructed to close Civil Action Number 19-CV-6484.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   September 5, 2019
         Rochester, New York