UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

             v.

KENNETH RIVERS,

             Defendant.

**DECISION AND ORDER**

6:15-CR-06172 EAW

On July 21, 2016, the undersigned sentenced defendant Kenneth Rivers ("Defendant") to 60 months incarceration to be followed by five years supervised release for his conviction for attempted possession of 500 grams or more of cocaine with intent to distribute in violation of 21 U.S.C. § 846. (Dkt. 24; Dkt. 25). The sentence was below the Sentencing Guidelines calculated based upon an offense level of 21 and a criminal history category of V. (*See* Dkt. 26 at ¶¶ 64-68). According to a memorandum from the United States Probation Office ("USPO") dated December 13, 2022, Defendant began serving his supervised release term on August 22, 2019. Other than testing positive for marijuana on July 15, 2022, it appears that Defendant has remained compliant with the terms and conditions of supervised release.

On November 29, 2022, Defendant filed a motion for early termination of his supervised release. (Dkt. 38). In the motion, Defendant outlines the significant progress that he has made since his sentencing, and also offers an explanation for the isolated incident involving the positive drug test. (*Id.*). While acknowledging Defendant's progress and positive steps, both the USPO and the United States Attorney's Office oppose Defendant's

- 1 -

request for early termination—essentially arguing that due to Defendant's history, which includes two prior federal convictions, supervised release is a necessary tool to ensure that Defendant remains on a positive path.

Defendant previously filed a similar motion for early termination of supervised release in May 2021 (Dkt. 34), which was previously denied by this Court by Text Order dated June 9, 2021 (Dkt. 37).

Section 3583(e)(1) of Title 18 of the United States Code states, in relevant part, as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. . . .

Thus, pursuant to the express terms of § 3583(e)(1), at least one year of supervised release must have been served, the applicable factors set forth at 18 U.S.C. § 3553(a) must be considered, and a court must be satisfied that the early termination is warranted by the conduct of the defendant and the interest of justice. "Simply complying with the terms of [supervised release] . . . and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination. . . ." *United States v. Finkelshtein*, 339 F. Supp. 3d 135, 136 (W.D.N.Y. 2018); *see, e.g., United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law."); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [defendant's] . . . post-incarceration conduct is apparently

unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.").

Here, Defendant has served the necessary time on supervised release to qualify for an early termination.   Furthermore, it is commendable that Defendant appears to be taking positive steps in his life.   However, the Court concludes that given Defendant's lengthy criminal history, dating back to the age of 17, the supervised release term that was initially imposed remains necessary at this time to ensure that Defendant remains on the positive trajectory and does not revert back to criminal conduct.   Accordingly, Defendant's motion for early termination of supervised release is denied.   This denial is without prejudice to renewal in the event that Defendant continues to comply with the terms and conditions of supervised release and serves at least four years of the five-year supervised release term.   In other words, if Defendant continues to remain compliant, the Court will consider any renewed motion for early termination filed on or after August 22, 2023.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      December 28, 2022
            Rochester, New York